1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **G & G CLOSED CIRCUIT EVENTS, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **EDMUND WAYNE LANG, et al.** <br><br> Defendants. | Case No. ED CV20-02048WDK(JCx) <br><br> **ORDER GRANTING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT** |

On August 25, 2021, default was entered in this action against defendants Edmund Wayne Lang, individually and d/b/a Rocky's New York Pizzeria, and Jeane Marie Lang, individually and d/b/a Rocky's New York Pizzeria. On September 8, 2021, plaintiff filed an application for and declarations in support of default judgment. Defendants having been served and no appearance or response by defendants having been made in person or in writing, and plaintiff having met all of the statutory requirements for an Application for Default Judgment, IT IS HEREBY ORDERED AND ADJUDGED that Default Judgment in the total amount of $1,850.00 is therefore GRANTED against defendants Edmund Wayne Lang, individually and d/b/a Rocky's New York Pizzeria, and Jeane Marie Lang,

individually and d/b/a Rocky's New York Pizzeria. This award includes $600.00 in actual damages (the amount that defendants should have paid plaintiff to obtain a commercial sublicense for the programming based on an estimated seating capacity of 1 - 100 patrons), plus $900.00 in punitive damages based on willfulness, an amount that is equal to one and one half times the actual damages.[1]

While it appears that defendant is liable for the wrongful conversion of plaintiff's property, the Court declines to grant a duplicative damages award based on this additional theory of liability. *See Tavaglione v. Billings*, 4 Cal.4th 1150, 1158-59 (Cal. 1993) ("Regardless of the nature or number of legal theories advanced by the plaintiff, he is not entitled to more than a single recovery for each distinct item of compensable damage supported by the evidence. . . . Double or duplicative recovery for the same items of damage amounts to overcompensation and is therefore prohibited."). The Court further grants plaintiff $350.00 in attorneys' fees pursuant to Local Rule 55-3.[2] Costs are to be submitted in cost bill.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Plaintiff shall serve, by United States mail or by telefax or by email, copies of this Order on counsel for the defendants or

---

[1] The Court has determined that the proper measure of punitive damages based on willfulness is an amount equal to a multiple of actual damages. For guidance, the Court looks to statutes that grant punitive damages as a multiple of actual damages. *See, e.g.*, 15 U.S.C. § 15 (Antitrust)(treble damages); 18 U.S.C. § 1964© (Racketeer Influenced and Corrupt Organizations Act)(treble damages); 18 U.S.C. § 2318 (Trafficking Counterfeit Labels)(treble damages); 35 U.S.C. § 284 (Patent Infringement)(treble damages).

[2] Pursuant to Local Rule 55-3, attorneys' fees are calculated at the rate of $300 plus 10% of the amount over $1,000.

1 the pro se defendants in this matter.

Dated: May 3, 2022

_____

William Keller
United States District Judge